**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Kenneth Lynn OLSON, Sr., Defendant—Appellant.**

No. 06–30042.

United States Court of Appeals, Ninth Circuit.

Submitted June 4, 2007 *.

Filed July 6, 2007.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Joseph E. Thaggard, Esq., USGF–Office of the U.S. Attorney, Great Falls, MT, for Plaintiff–Appellee.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

David F. Ness, Esq., FDMT–Federal Defenders of Montana, Great Falls, MT, for Defendant–Appellant.

Before: PREGERSON, FERGUSON, and IKUTA, Circuit Judges.

## MEMORANDUM **

Kenneth Lynn Olson, Sr. entered a guilty plea and was convicted of knowing and unlawful possession with intent to distribute marijuana within one thousand feet of the real property of a school and of a public housing facility, in violation of 21 U.S.C. § 861(a)(1). The district court sentenced Olson to seventy-one months imprisonment followed by four years of supervised release. In imposing the sentence, the district court applied a two-point enhancement under U.S.S.G. § 3B1.1 (2004).

On appeal, Olson challenges his sentence. Olson contends that the district court erred when it imposed a two-point enhancement under § 3B1.1. He also contends that his seventy-one month sentence is unreasonable. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

■ Olson admitted during the guilty plea hearing that he let his children sell drugs for him. In his brief to this court, Olson conceded that he knew of and allowed his children to traffic marijuana. Accordingly, the district court did not clearly err when it determined that the two-point leader/organizer enhancement was applicable. *See United States v. Salcido-Corrales,* 249 F.3d 1151, 1154–56 (9th

Cir.2001) (affirming a two-point leader/organizer enhancement where the father involved his son in drug trafficking).

 Olson's sentence at the top of the Guideline range, but well below the 120–month statutory maximum, is reasonable under the circumstances. *See* 18 U.S.C. § 3553(a) (listing nature and seriousness of the offense as some of the factors the court should use to determine the appropriate sentence).

AFFIRMED.